UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON HUMES,

   Plaintiff,

 v.

CITY OF ROSEVILLE, et al.,

   Defendants.

No. 2:18-cv-0425 DB P

ORDER FINDINGS AND RECOMMENDATIONS

  Plaintiff, a state prisoner[1] proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 5). Plaintiff has also filed a request that the United States Marshal's Office serve the defendants (see ECF No. 4) as well as a "request for funds to facilitate discovery" (ECF No. 7).

  For the reasons stated below, the court will grant plaintiff's request to proceed in forma pauperis. However, plaintiff's requests for service and for funds will be denied. In addition, the undersigned shall recommend that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted and that the dismissal be declared a strike within the meaning of 28 U.S.C. § 1915(g).

////

---

[1] At the time plaintiff filed the instant complaint, he was housed at the Sacramento County Main Jail. See ECF No. 1 at 1.

1

**I.     Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF No. 5). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**III.   Pleading Standard**

    **A.    Generally**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**B. Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. Hafer v. Melo, 473 U.S. 159, 166 (1985); see Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See, e.g., Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996) (citing to Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

**IV. Plaintiff's Allegations in Complaint**

In plaintiff's complaint, he names the City of Roseville and a Detective Adcox of the Roseville Police Department as defendants. (See ECF No. 1 at 1-2). His sole claim alleges that Adcox defamed him in violation of the Fourteenth Amendment when, in January 2017, he sent police reports from plaintiff's expunged convictions to a Sacramento detective. (See id. at 4). Plaintiff contends that Adcox had no right to do this because the Placer County Superior Court Judge who granted the expungements told plaintiff that the cases in question could never be used against him "to impeach nor impu[gn] [his] good character." (Id.) (brackets added). Plaintiff further contends that the police reports were ultimately used to obtain search warrants; searches that violated his privacy. (See id.).

////

1    Plaintiff continues that "[t]hose rats used those reports against me to convince a few judges to issue search warrants so they could violate [my] . . . privacy." (Id.) (brackets added). He also asserts that "they used [the police reports] to lie to yet another judge . . . to get two arrest warrants for 6 counts of child molest[ation] and one count of failing to register as a sex offender!" (ECF No. 1 at 4) (brackets added). Finally, plaintiff also appears to contend that his arrest based upon the expunged records constituted a false arrest. (See id.). He seeks $100 million dollars in damages. (See id. at 5).

## V. Discussion

### A. Plaintiff's Defamation Claim

Plaintiff's defamation claim alone does not rise to the level of a federal constitutional violation. See Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976) (stating defamation itself does not establish cause of action under Section 1983; it is deprivation of constitutional rights for which Civil Rights Act creates remedy). "To establish a civil rights claim under 42 U.S.C. § 1983, a plaintiff must assert more than a violation of state tort law – he must show that the defendant deprived him of an interest protected by the Constitution or federal law." Weiner v. San Diego Cty., 210 F.3d 1025, 1032 (9th Cir. 2000) (citing Paul v. Davis, 424 U.S. 693, 712 (1976)). Specifically, plaintiff must join his defamation claim to a recognizable Section 1983 wrong such as the denial of equal protection or substantive due process. See Buckey v. Cty. of Los Angeles, 968 F.2d 791, 795 (9th Cir. 1992). For these reasons plaintiff's defamation claim fails.

Furthermore, because plaintiff fails to identify who "those rats" and "they" are in these allegations, and he fails to allege any clear violation of right stemming from the use of the police reports (see generally ECF No. 1), the court need not and does not attempt to determine the identities of potential defendants or claims in this analysis. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (stating liberal interpretation of civil rights complaint may not supply essential elements of claim that were not initially pled); see generally Fed. R. Civ. Proc. 8(a)(2) (requiring claims show plaintiff is entitled to relief); see also Iqbal, 556 U.S. at 678 (precluding threadbare recitals and conclusory statements when stating a claim); see

also Hafer, 473 U.S. at 166 (requiring allegation of personal participation in deprivation of rights); see also Jones, 297 F.3d at 934 (same).

### B. Additional Considerations

Finally, to the extent that plaintiff attempts to assert a violation of his right to privacy in the complaint on the grounds that Adcox improperly used plaintiff's police reports (see ECF No. 1 at 4) (plaintiff stating issued warrants led to violation of right to privacy), the information contained in a police report is not protected under the constitutional right to privacy. See Paul, 424 U.S. at 713-14 (finding disclosure of arrest on shoplifting charge not protected under Court's substantive privacy decisions); see also Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1045 (9th Cir. 1994) (citing Scheetz v. The Morning Call, Inc., 946 F.2d 202, 207 (3rd Cir. 1991) (stating information in police report not constitutionally protected under right to privacy)); see generally Baker v. Howard, 419 F.2d 376, 377 (9th Cir. 1969).

## VI. Plaintiff's Service and Funding Requests

Plaintiff's request that the United States Marshal serve defendants (see ECF No. 4) is premature given that proper defendants and claims have yet to be identified. In addition, plaintiff's request for $500.00 per month in "pro se money" so that he may "facilitate discovery and other advances" (see ECF No. 7) cannot be granted, as "pro se money" does not exist. Consequently, these two requests will be denied.

## VII. Conclusion

In sum, plaintiff's complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). In addition, plaintiff's requests are improper and must be denied. Given that the deficiencies identified herein cannot be cured by amendment, the court will deny plaintiff leave to amend the complaint. Hartmann v. CDCR, 707 F3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Instead, the undersigned will recommend that this action be dismissed and that it be formally declared a strike pursuant to 28 U.S.C. § 1915(g).

////

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign a District Court Judge to this action;

2. Plaintiff's motion to proceed in forma pauperis, filed March 26, 2018 (ECF No. 5), is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's request that the United States Marshal serve defendants, filed March 26, 2018 (ECF No. 4), is DENIED, and

5. Plaintiff's request for funds to facilitate discovery, filed April 9, 2018 (ECF No. 7), is DENIED.

IT IS FURTHER RECOMMENDED that

1. This action be DISMISSED with prejudice for failure to state a claim upon which relief may be granted, and

2. The dismissal of this matter be formally declared a "strike" pursuant to 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2019

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE